947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arzella A. CORDLE, Plaintiff-Appellant,
v.
SQUARE D COMPANY, Defendant-Appellee.
 No. 91-5485.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 Arzella A. Cordle, a pro se plaintiff, appeals the district court's order granting summary judgment for the defendant in her discrimination complaint filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cordle sued Square D, her former employer, claiming that she was fired because of her age and in order to deprive her of full pension benefits. She sought reinstatement to her former position with back pay and participation in Square D's pension plan, plus additional undetermined damages. Cordle was 59 years old at the time of her termination in September 1987 and had worked for Square D for approximately 18 years. In March 1987, she was injured when the machine at which she was working apparently malfunctioned, startling her so that she fell backward onto a pile of metal parts. Between March and September 1987, Cordle was seen by a number of different physicians and underwent therapy for her back. She was on disability leave until August 26, 1987, when a Square D official informed her by telephone that her doctor had released her for light duty work and that Square D had a light duty job available for her. She was instructed to report to work the next day. After Cordle failed to report to work or call in for three days, she was terminated pursuant to a provision in the collective bargaining agreement by which her employment was governed.
 
 
 3
 Square D filed a motion for summary judgment to which Cordle responded. The district court granted Square D's motion in an opinion and order filed March 13, 1991. The district court found that Cordle had failed to present a prima facie case under the ADEA because her termination was the result of a voluntary quit under the terms of the collective bargaining agreement rather than a firing. It then found that her ERISA claim failed for the same reason and dismissed Cordle's complaint with prejudice.
 
 
 4
 On appeal, Cordle presents nine issues for review: (1) the district court erred in finding that she was released for work on August 26, 1987, (2) there was sufficient evidence for a reasonable jury to conclude that Cordle's age was a factor in Square D's decision to fire her, (3) Square D's proffered reason for discharge was pretextual, (4) Cordle's reliance on her approved leave request was good reason to disbelieve Square D's instruction to return to work, (5) Square D never intended to let Cordle return to work, (6) Cordle was qualified for her job because medical leave does not render one unqualified, (7) the district court erred in overruling her motion to compel discovery, (8) the overall evidence demonstrates interference with her rights and an attempt to force her to apply for retirement, and (9) Square D's officials and lawyer have obstructed justice and procured summary judgment by deceit.
 
 
 5
 Square D has submitted a motion to strike certain portions of Cordle's appellate brief and certain documents included in her pro se appendix. Cordle has responded to this motion.
 
 
 6
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and Square D is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Because Cordle has failed to identify a genuine issue of material fact that would preclude summary judgment for the defendants, her issues for review numbered above as 1-6 and 8 are meritless. The district court did not abuse its discretion in overruling Cordle's motion to compel discovery (issue 7) because it had already granted her several extensions in which to retain new counsel and prepare for trial. Furthermore, Cordle's final issue for review is meritless because her allegations that Square D and its counsel obstructed justice and procured summary judgment by deceit are conclusory and unsupported by any evidence of record.
 
 
 8
 Finally, we deny as moot Square D's motion to strike in light of our disposition of this case. This court has considered only the briefs and the documents found in the record certified by the district court in reviewing this case.
 
 
 9
 Accordingly, the motion to strike portions of the appellant's brief and appendix is denied. The district court's order is affirmed for the reasons stated in its memorandum opinion, filed March 13, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation